**UNION BOILER WORKS, INC., Appellant,**

v.

**Louis CALDERA, Secretary of the Army, Appellee.**

No. 98–1119.

United States Court of Appeals, Federal Circuit.

Oct. 9, 1998.

William John Platzer, of Washington, DC, argued for appellant.

Robert Steinbuch, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for appellee. With him on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Kirk T. Mandardt, Assistant Director.

Before RICH, NEWMAN, and LOURIE, Circuit Judges.

LOURIE, Circuit Judge.

Union Boiler Works, Inc. ("UBW") appeals from the final decision of the Armed Services Board of Contract Appeals denying its claim for an equitable adjustment for the costs associated with the Army's use of its temporary boiler. *See In re Union Boiler Works, Inc.,* ASBCA No. 49131, 96–2 BCA ¶ 28,331 (May 6, 1996) (*"UBW II"*), *In re Union Boiler Works, Inc.,* ASBCA No. 49131, 97–2 BCA ¶ 29,178 (Aug. 6, 1997) (*"UBW III"*). Because the Board erred in its determination that UBW could not recover "hook-up and start-up costs," but did not err in its determination that UBW could not recover damages for its lost opportunity to rent the boiler, we affirm-in-part, reverse-in-part, and remand.

## BACKGROUND

UBW contracted with the Army to renovate three boilers at the Army's Aberdeen Proving Ground in Maryland. The contract

required in relevant part that UBW furnish a temporary boiler at its expense if UBW did not finish the renovation of boiler 1 by October 18, 1989.[1]

On September 26, 1989, the Army requested that UBW replace the insulation on boilers 1 and 2. UBW complied, and accordingly missed the boiler 1 due date and installed its fully-depreciated temporary boiler in lieu of boiler 1. UBW claimed that the insulation work and its provision of the temporary boiler constituted compensable changes in the contract and demanded an equitable adjustment. The Board, in a decision not appealed here, agreed that the insulation work constituted a compensable change. *See In re Union Boiler Works, Inc.*, ASBCA Nos. 41856–41858, 95–1 BCA ¶ 27,304 (Nov. 15, 1994) ("*UBW I*"). The Board further determined that the insulation work should have taken 90 days and therefore that UBW was obligated to supply the temporary boiler at its own expense no sooner than January 16, 1990, *i.e.*, 90 days after the original October 18th due date. *See UBW I*, slip op. at 11. Thus, the Board sustained UBW's temporary boiler claim "to this extent," and remanded the case to determine the amount of compensation due to UBW. *See id.*

The Board's subsequent decisions following the remand focused on UBW's entitlement to compensation for two alleged consequences of its provision of the temporary boiler: the "hook-up and start-up" costs and lost opportunity to rent. The Board ruled on cross-motions for summary judgment that UBW was not entitled to recover the hook-up and start-up costs for the temporary boiler because it did not finish the renovation of boiler 1 until March 27th, well after the extended January 16th deadline, and thus it would have had to have supplied the temporary boiler even absent the interruption caused by the insulation work. *See UBW II*, slip op. at 4–5. In a subsequent decision, the Board ruled as a matter of law that 48 C.F.R. § 31.205–11(*l*) (1989) barred UBW from recovering damages for its lost opportunity to rent the temporary boiler. Accord-

ingly, the Board disregarded as irrelevant UBW's evidence that $4,500/month was a reasonable rental rate for its temporary boiler. *UBW III*, slip op. at 6–7, 9. Moreover, the Board found that the parties did not attempt on remand to agree to a "reasonable charge" under this provision and that no evidence existed in the record relevant to that issue.

UBW appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(10) (1994).

## DISCUSSION

The standard under which we review a decision of the Board is dictated by the Contract Disputes Act, which provides in relevant part that

the decision of the agency board on any question of law shall not be final or conclusive, but the decision on any question of fact shall be final and conclusive and shall not be set aside unless the decision is fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, or if such decision is not supported by substantial evidence.

41 U.S.C. § 609(b) (1994). Notwithstanding this lack of deference concerning questions of law, "legal interpretations by tribunals having expertise are helpful to us, even if not compelling." *Erickson Air Crane Co. v. United States*, 731 F.2d 810, 814 (Fed.Cir. 1984).

UBW argues that the Board specifically found that it "would have completed repairs on boiler 1 by [October 18, 1989] but for the additional 90 days reasonably required" to perform the insulation work. *UBW I*, slip op. at 11. Accordingly, UBW continues, it would not have had to install the temporary boiler had it not been for the insulation work, and therefore it is entitled to recover its hook-up and start-up costs. UBW opines that its completion of the renovation of boiler 1 beyond the 90–day extension does not affect this conclusion. Moreover, UBW argues that it is entitled to recover damages for its

---

1. The parties suggest in their briefing that certain aspects of the history of the renovation of boiler 2 are relevant to this appeal. However, because a temporary boiler was never supplied for boiler 2, that boiler's history is irrelevant to this appeal and will not be further discussed.

lost opportunity to rent its temporary boiler during the 90–day extension period, and it cites 48 C.F.R. § 31.205–36 (1989) in support of its position.

The Army responds that the Board did not err in denying "hook-up and start-up costs" and damages for the lost opportunity to rent the boiler. As to the hook-up and start-up costs, the Army argues that UBW's delay in completing the renovation of boiler 1 shows that UBW would not have met the original due date even if the Army had not requested the insulation work, and therefore that UBW would have incurred these costs regardless. As to the rental costs, the Army contends that UBW has not shown entitlement to these supposed "costs" under the regulations.

■ We agree with UBW as to the hook-up and start-up costs, and agree with the Army as to the rental costs. As we have already noted, the Board made a specific finding that UBW would have completed boiler 1 on schedule, and by necessary implication would not have been obligated to supply a temporary boiler, had it not been for the insulation work. Accordingly, the Army's liability for the hook-up and start-up costs accrued at the moment that UBW incurred these costs. That UBW subsequently took longer to complete the renovation than the Board thought was reasonable does not excuse the Army's liability as to these costs. We therefore reverse and remand for a determination of these costs.

■ Concerning UBW's lost opportunity to rent the boiler, we agree with the Army and the Board that 48 C.F.R. § 31.205–11(*l*) constitutes a bar to recovery. That regulation provides that

> *No* depreciation or *rental shall be allowed on property fully depreciated by the contractor.* ... However, a *reasonable charge* for using fully depreciated property may be agreed upon and allowed.... In determining the charge, consideration shall be given to cost, total estimated useful life at the time of negotiations, effect of any increased maintenance charges or decreased efficiency due to age, and the amount of depreciation previously charged to Government contracts....

(emphasis added). This regulation thus disallows rental costs on fully depreciated property, unless the parties agree on a reasonable charge, which has not happened here.

■ Further, we disagree with UBW that 48 C.F.R. § 31.205–36 is applicable to the facts of this case. That regulation provides in relevant part that "[t]his subsection is applicable to the *cost of renting or leasing* real or personal property acquired under" certain operating leases, 48 C.F.R. § 31.205–36(a) (1989), and further defines the specific rental costs for which recovery may be sought, *see id.* § 31.205–36(b). It deals with the circumstance, not presented here, in which a contractor incurs costs as a result of renting equipment from a third party to perform its contract with the Army. While lost opportunity income may be an economic cost, it is not a rental cost addressed by the cited regulation. Lost rental opportunity income is not a "cost of renting or leasing" and UBW can therefore not recover it under the regulations. *See Coley Properties Corp. v. United States*, 219 Ct.Cl. 227, 593 F.2d 380, 385–86 (1979) (holding that the contractor was not entitled to an equitable adjustment for rent that it could have received during a period of government-imposed delay, and distinguishing cases involving rents that the contractors had to pay to third parties during the period of delay). We therefore affirm the Board's decision concerning UBW's claim for damages for its lost rental opportunity.

## CONCLUSION

We have considered the parties' remaining arguments but find them unpersuasive. Because the Board erred in its conclusion as to the hook-up and start-up costs, but did not err in its conclusion as to lost rental opportunity, we

*AFFIRM-IN-PART, REVERSE-IN-PART, AND REMAND.*